The United States Court of Appeals for the Federal Circuit is now open and in session. God save the United States and this honorable court. The first case for argument this morning is 192040, Koninklijke Philips v. Iancu. Mr. Oliver, whenever you're ready. Thank you, Your Honor. Good morning, and may it please the Court. This appeal involves a situation in which, first, the board failed to follow its own precedent intended to ensure basic fairness. Mr. Oliver, you filed your opening brief before our decision and clicked the call and made these various arguments about the impropriety of the initiation. Now that click the call has been decided, what's left of that argument? Well, I believe what's left of that argument is based on what we've argued in our reply brief, and that is the decision in the Department of Homeland Security case from this summer. Specifically, in that case, agency discretion does not preclude review of, and I quote, the procedure the agency followed in rendering its decision. That included, in that case, an agency policy memorandum concerning the DACA case. What the Supreme Court said there was that even if the ultimate determination is within the discretion of the board and is unreviewable, the agency's actions and procedures in following its own rules are reviewable under both due process and under the APA. And that's something that's been confirmed. That may be true, but in other areas of the law, we have a special situation here where there's a non-appealability rule, which the Supreme Court didn't click the call, that applies to the very kinds of issues that you're raising. Well, we believe that the Department of Homeland Security case is the one that controls here, and it is not the determination that we're appealing. There is still APA review and constitutional review under the Department of Homeland Security, regardless of whether or not the ultimate determination is at issue. There has to be, unless Congress says that there is not reviewability of a constitutional question, both APA and constitutional review are applicable here. Again, we're not— What's the constitutional issue here? Due process. Due process. And that was the— In what— policy or procedure, regardless of the ultimate discretion that the agency has over the decision. So, every agency decision which is challenged for failure to be consistent with earlier agency rulings raises a due process issue? I don't know that everyone would, but I think we certainly have in this case. In this case, we have a policy or a precedential decision, and specifically, looking at the—I believe it's the Webster and Thorpe decisions. In Webster, the agency's own guidelines can act as law, and constitutional review remains in place unless explicitly precluded by Congress. In this case, we have— Sorry, John. Please. Hold it. So, Clif DeCaul just missed the due process issue? I don't know that it missed the due process issue, but we're raising due process here under the specific guidance from the Supreme Court in the Department of Homeland Security case, where it said a due process issue may be raised as—with respect to the agency's procedures, regardless of whether or not it has ultimate discretion. We're not arguing here that the agency must be told whether to institute or not. But when the agency misapplies its own policy guidelines in a way that is either arbitrary and capricious or a violation of the due process clause, the Department of Homeland Security— Can I just— Mr. Oliver? This is Judge Prowse. Can I just get some clarification of what you're arguing on the due process violation? I was a little confused by the brief. You bring in SAS. So, is your due process argument—is your due process violation predicated on the fact that the board did one thing with respect to SAS and didn't do the same thing with respect to the Valve Corporation case? I was just confused about what impact or why you thought that what the board did in SAS somehow affected your due process claim. Are you submitting that the two are related and that the SAS issue sort of makes this a due process violation? No, Your Honor. We raised the SAS anticipating what the arguments from the U.S. Patent Office would be, specifically that institution decisions are not reviewable. We raised the SAS issue because of the contrast, specifically that it is clear that under that SAS decision that the appeals court can rule that a procedure was not followed properly and, therefore, the board or U.S. Patent Office has to revisit its decision or institution. The fact that the Patent Office did so in this case confirms that what we're requesting is in line with SAS. But the due process and APA violations are not the contrast between what was done with SAS and what was done with Valve. The due process issue is the proper application of general plastic. General plastic is a presidential board decision. The presidential board decisions are intended, and let me just get the quote here correct, to reflect, and I quote, binding agency authority concerning major policy or procedural issues or other issues of exceptional importance under general plastic. I'm sorry. Let me just interrupt because the time is short. I'm just trying to understand your argument. You're arguing that the board violates due process each time it fails to sua sponte apply all relevant intervening law. Is that your due process? No, Your Honor. No, Your Honor. The argument is not whether or not it was a sua sponte the board did it or not. We are asking for instruction for the board to properly apply. What the due process argument is is that general plastic basically said here are the factors that are the USPTO policy for determining whether or not to deny follow-on petitions. Regardless of the discretion the board has in that, the policies under general plastic say that under those factors, you can consider prior filings by either the same petitioner or a related petitioner, including co-defendants. That is exactly what Phillips argued here. It argued that general plastic should be considered because there were prior filings by a co-defendant, specifically Microsoft's customers, which it joined the litigation to defend. The board or the panel in this case said we're not going to consider general plastics in that regard because general plastic only applies to where the prior petition was by the exact same party. Valve confirmed that the panel in this case was absolutely wrong. Valve said the USPTO policy is that general plastic applies not only to where the prior petitions were by the same party, but where they were by a related party. And that related party in this case may be co-defendants. Valve also confirmed that that had been the policy all along. So the due process problem here is the general plastic policy, which Phillips asked for application of, was denied to it based on a faulty application of that policy. And your view is that there's no burden or onus on the petitioner's part to either make that argument, since my understanding is this was pending before the board. The board issued a decision like eight days or a week or something after the Valve case issue. So it's your view that your side had no obligation or responsibility to make that argument or bring that matter to the attention of the board while the proceedings were ongoing? Well, Your Honor, the Patent Office argues the Rentrop case in that regard, and I think there are two important distinctions. First and foremost, in that case that the Patent Office relies upon, the issue concerning the jury instruction in that case was no indication that it was ever raised before. What requires preserving the right to appeal is that the issue be raised. The issue here is the proper application of general plastic, which Phillips raised and asked for the proper application of. The proper application was denied. But your whole argument here on due process involves this intervening legal precedent of Valve Corp. I mean, Miski, you wouldn't be here, I assume, arguing due process if Valve Corp. had not been issued and we were just dealing with general plastics. I mean, you might be arguing the merits, but I don't think you'd be arguing a due process violation. That's possible. It would certainly be not as strong of an argument. But the Valve issuing decision here was just case law that confirmed that Phillips was correct. If we reject your argument that there's a constitutional issue here, do you lose under click-to-call on the initiation issue? No, I still think there's an APA violation. It's both due process and APA. In this case, if there is a procedure in place— So you can get around click-to-call by arguing that it's an APA violation? Well, APA remains an issue that can be raised under SAS. SAS made clear that APA violations are not necessarily precluded. Our argument is that this is primarily a due process concern, but it also might be an APA. I don't think that is a problem. The issue here is that what the U.S. Patent Office did is that on one day— My question is, are you saying that click-to-call doesn't apply when there's an APA violation in the initiation? We believe that under the Department of Homeland Security case, both APA and constitutional issues can be raised even where the agency has discretion. Answer my question. Are you saying that click-to-call does not apply to APA violations? I don't believe so, Your Honor. I believe—but to answer your question more specifically, we do believe this is a due process concern. The procedure that the U.S. Patent Office articulated in General Plastic was applied unfairly to Philips. Philips said, we request the procedure that you have in place, and that procedure applies when the earlier filed petition was by the same party or a different party. And this panel says, we're not going to apply our own policy where it was a different party. But the Patent Office's procedure was to do exactly that. Thus, Philips, in this case, was denied the very U.S. policy that the Patent Office admitted was incorrectly applied, essentially, in vows. And it's the admission in vows, not the existence of vows, which is critical to this case. Counsel, this is Judge Wallach. I want to take you off this subject for a minute. On pages 32 to 33 of the interview, he asserts that, I'm quoting, Philips argues here, but never—and there's an ellipsis here—but never argued to the board that ANWR restricts test gestures to a single meaning within a particular application, such that, quote, each application to be run, that's an internal quote, would use its own gestures to distinguish between commands. Where in the record did Philips raise this argument before the PTAB? Well, the idea of using different gestures mapped to the same command was first raised in the reply citation, which was a hypothetical. So it would be in the SIR reply that Philips addressed the misapplication in that regard. I don't have the page specifically, but maybe if I can understand the basis for your question, I can answer it more fully. Waiver? Well, I don't think there could be waiver in this issue, where there was never a proposal. Look at page 33 of the PTAB's brief. You can respond to this on your response time. The buzzer has already run. Certainly. Do you want me to respond now or wait until the rebuttal? You have three minutes. I'm sorry? Wait until you have your three minutes. I'm not going to eat up your time. Okay. Okay. We'll reserve your rebuttal time. Let's hear from the other side. Ms. Dolfin? Thank you. Good morning. Good morning. May it please the court? I guess I'll just briefly mention a couple of things about the institution question. On the due process issue, here, there's just no colorable due process claim. The board addressed Philips' arguments and disagreed with them, but followed the factors laid out in general plastic and approached general plastic as if the question was whether the two parties should be deemed the same petitioner. So, still addressed whether these two parties are coordinating. And then, on the questions the court was discussing about APA violations, I just wanted to briefly mention that the Supreme Court in Quozo specifically cited the APA in saying that, well, there are two different APA provisions that indicate that it won't override other statutory commands. So, there's the statutory command that says under Section 314D, the decision is final and non-appealable, the institution decision. And then, the APA says that it does not override the enabling statute. So, here, the Patent Act would be the sort of primary statute that precludes APA review. And then, on the committed to agency discretion, it's Section 314A that commits the institution question to agency discretion. And the APA under 701A2 says that when something's committed to agency discretion, it's not reviewable. So, I just wanted to sort of tie those two things together. There's the APA on one hand and the Patent Act on the other hand, but they sort of work in tandem here. And Quozo and Thrive and SAS sort of all point to the same non-reviewability. Ms. Silfen? We all agree that Quozo did qualify its decision by saying that an example of the effect of 314D, the exception might be appeals that implicate constitutional questions. Now, I assume your position here is that this doesn't rise to the level of a due process violation of a constitutional question based on what's going on here. Can you give us an example of what would or what might? Sure, and you're right that our position is that this doesn't rise to the level of a constitutional question. An example of one that might would be if the agency said, we're declining to institute your petition because you're a woman. That would be a sort of clear equal protection violation. Fair statement. Thanks. So, that could implicate the exception in Quozo. Well, what about if here in general plastics, if we had a board presidential opinion that said X is Y, and then the next decision that comes out says absolutely the contrary. We take it back. We're reversing our position. X does not equal Y or whatever the reverse of that is. Is that a different case than this one where the board explicitly is saying, we are changing our position entirely, and if the board had initially relied on the original presidential opinion to say we are relying on this and we're reaching our results, and then the board completely reverses itself? I think that definitely is a different case from this one where here the board addressed the argument that Microsoft and Acer and Asus should all sort of be imputed to be the same petitioner, and the board addressed that and said we're not going to impute them to be the same petitioner. We're looking at their relationship to each other, and we don't find that they are. The board says we don't find that they're the same petitioner after sort of analyzing whether it should sort of simply the analysis that the Vell decision sort of clarified later on that you should be deciding whether two petitioners have a sufficiently close relationship that they, or sorry, two parties have a sufficiently close relationship that they should be considered the same petitioner. So I think that's a different case. I also think even in that case it would still be hard to get around the review bar of the Thrive case, the Click to Call case, which where actually that was the very situation in that case. So in that case the board had come out one way, and then later on the agency reconsidered its position and issued guidance coming out the opposite way, but the Supreme Court still said, well, it's still not something that the courts are in a position to review. Well, I mean, your recollection may be better than mine, but in Click to Call that reversal took place later on, right? Not while the case was pending before the board, the change of positions. Yes, that's true. Okay. That's true. But it still is, you know, the factual... I'm sorry. I appreciate that. This is Ms. Prost again. Are there any, I don't, I really don't know the answer to this. Are there guidelines or anything that the board panels are obligated to follow that address this question of what the board is supposed to do where there's a new presidential opinion on point that issues pending the board's, the PTAP, a particular PTAP panel's review? I'm not sure if there are any guidelines on that specific point. I mean, certainly, though, the parties, the board sort of relies on the parties, especially post, you know, the institution question was well out of the way when the valve decision came out, and so the board relies on parties just as a court would to raise an issue that, you know, might implicate the earlier institution decision. So, for example, the board does have the authority to withdraw its institution decision if a party comes to it and says, look, this later guidance came out or later precedent of the PTAP came out, and you need to apply it here. The board certainly can apply the later guidance and withdraw the institution. But if valve issues before the board issues its panel opinion, is it not obligated to follow that new decision irrespective of whether or not it is brought to its attention by the party? Well, I mean, I think it would be a closer question if it was an issue that the final written decision was going to address. Here, the final written decision doesn't address the institution question at all because nothing about the institution question was raised after institution was granted here. So, the board was not sort of thinking about its institution decision when issuing its final written decision on the merits of patentability here. There are cases where parties do raise institution questions and the board issues a final written decision that addresses some of those institution questions that are still outstanding. But that doesn't make it appealable. That doesn't make it appealable, does it? The fact that the institution decision is readdressed in the final decision. Oh, absolutely not. You're right. But I was just answering the question about whether the board has any obligation to address a decision that comes out during the course of the proceedings. And I'm just saying that in this case where it was a decision only about institutions, that there was certainly no obligation to sui sponte, find it and raise it and analyze it without any prompting from the parties. I'm happy to answer questions about the merits of the case or more about the institution decision or I'm happy to yield the rest of my time. Colleagues, anything further? No. Not from Judge Wallen. No. All right. Thank you very much. Thank you. Thanks. All right. Mr. Oliver, will we store three minutes of rebuttal of your time? Thank you, Your Honor. First, I'd like to just point to where in the record to answer the earlier question. The argument may be found concerning the ANWR reference and that can be found in the Serve Apply in Appendix 2868 through 2869. With that being said, I'll come back to that, but I'd like to address a few of the due process issues. First of all, the Patent Office has argued that the original institution decision addressed the relationship between the parties, but it did so using the wrong standard. It looked to see whether Microsoft was the exact same party as the previous institution. What case suggests that an APA violation where the agency acts arbitrarily and capriciously rises to a due process violation? What case does that? Well, I think, I mean, even the Department of Homeland Security case that we cited to addresses both the APA and the due process issue together. But let me answer it in this manner, Your Honor. I hope this helps clarify it. If the agency policy is to consider any relationship including co-defendants and the agency said, well, that's our policy, but today's Wednesday and on Wednesday we're not going to afford that policy to anybody that argues it. Maybe if you argued on Friday, my wife would do it. We're just going to arbitrarily and capriciously do that. Not only would that be arbitrary and capricious, but it would be manifestly unfair with respect to the process. And that's essentially what happens here. Phillips asked for the correct application of the board's own policy, and it got that policy correct. And the panel in this case said, no, we're not going to apply the policy correctly today. We're going to only apply the policy today if it was the same petitioner as before. But you're saying that any misapplication of general plastics is a procedural due process violation? A mere application of law? I don't mean mere in terms of it's not significant. But a misapplication of law without more is a due process violation? Is that your position? I'm not saying any policy is, but this was a policy intended to ensure fundamental fairness for serial attacks. And the procedure involved considering any relationship, including co-defendants, to the serial attack. This was inherent in the board's policy, which the board itself stated was to ensure fairness. Due process at its heart is about ensuring fairness of the process. If the agency says, this is our policy for ensuring fairness, but today you don't get it, even though you're arguing the right factor, then that is manifestly a denial of what the board itself admits is its fairness policy. And that's what makes this case a due process issue. But even if it's not, it is still an APA issue, and I don't believe Click-to-Call changes that, because Click-to-Call was stressed to a narrow issue of whether 315B should be considered part of institution. Thrib was about determination of institution. This is about process, and under the Department of Homeland Security case, process matters, and it can be both a due process violation and an APA violation to deny the USPTO's own policies. For that reason, we ask for a remand of this case. We thank both parties, and the case is submitted. Thank you.